**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ROY HENRY, JR.                                                                                             PLAINTIFF

V.                                        NO: 4:15CV00140 SWW/PSH

CHARLES HOLLADAY *et al*                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge Susan W. Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court no later than October 31, 2016. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Roy Henry, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 10, 2015, naming as a defendant, among others, Ed Stafford, a psychologist at the Little Rock Mental Health Center.[1] Henry claims Stafford lied about his psychological evaluation, and alleged he had suicidal thoughts. Henry further asserts Stafford changed his medical status, remanding him to the state hospital for forensic evaluation. Although the record indicates Stafford has been served with the summons and complaint (Doc. No. 8), he has not filed a responsive pleading, and Henry has now moved for a default judgment (Doc. No. 55), and has filed an accompanying affidavit (Doc. No. 56).

---

[1]Henry's claims against all defendants other than Stafford have been dismissed previously.

A Clerk's default was entered on September 9, 2016 (Doc. No. 52).

Entry of a default judgment is not favored by the courts and should be entered only in extreme cases. *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977). Once a default is entered, the defaulting party has no further standing to contest the claim's factual allegations. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988). The undersigned recommends that the motion for default judgment be denied and that Stafford be dismissed from this action for the reasons set forth below.

Henry has identified Stafford as a psychologist for the Little Rock Mental Health Center, a private organization. To state a cognizable claim for money damages under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). A private medical care provider treating an inmate at a private facility utilizing his independent medical judgment is not acting under color of state law. *See Griffis v. Medford*, 2007 WL 2752373 at *6 (W.D. Ark., September 20, 2007). *See also Shields v. Illinois Department of Correction*, 746 F.3d 782, 797-798 (7th Cir. 2014) (finding that medical providers with "only an incidental or transitory relationship within the penal system generally are not considered state actors"). Henry has not stated facts supporting a conclusion that Stafford is a state actor, and he therefore cannot prevail on a § 1983 claim against him. Therefore, his complaint must be dismissed.

## **CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1. The default entered on September 9, 2016 (Doc. No. 52) be set aside.

2. Plaintiff Roy Henry, Jr.'s motion for default judgment (Doc. No. 55) be DENIED.

3. Henry's complaint be dismissed without prejudice with respect to defendant Stafford.

DATED this 24th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE